# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TIMOTHY R. GOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:12-CV-39-TLS |
| | ) | |
| THE WALNUT GROVE MUTUAL | ) | |
| HOUSING ASSOCIATION | ) | |
| (*The Corporation*), | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on multiple motions filed by the parties in this case. The Plaintiff, Timothy R. Good, filed a six-count Complaint [ECF No. 1] against the Defendant, Walnut Grove Mutual Housing Association, on January 17, 2012, bringing three claims under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and three state law claims. On April 12, the Plaintiff filed a Motion for Partial Summary Judgment [ECF No. 18], along with a Memorandum in Support [ECF No. 19] and a Designation of Evidence [ECF No. 20]. The Defendant responded on June 29 with an Opposition and Cross-Motion for Partial Summary Judgment [ECF No. 28], along with a Memorandum in Support [ECF No. 30] and a Designation of Evidence [ECF No. 29]. Then, after the Plaintiff filed an Opposition and Reply [ECF No. 42] and a Supplemental Designation of Evidence [ECF No. 43] on October 25, the Defendant responded by filing a Motion to Strike and Motion to Dismiss Counts I, II, IV, V, and VI of Plaintiff's Complaint [ECF No. 44], along with a Memorandum in Support [ECF No. 45], on October 31. The Plaintiff's Opposition [ECF No. 47], filed on November 7, requested sanctions against the Defendant for filing the Motion to Strike and Motion to Dismiss. The Defendant filed a Reply [ECF No. 49] on November 14, and with the Court's permission the

Plaintiff filed a Sur-Reply [ECF No. 52] on November 21 and the Defendant filed a Sur-Sur-Reply [ECF No. 53] on December 12. The Motion to Strike and Motion to Dismiss is fully briefed and ripe for this Court's ruling. Additionally, although the Defendant has not yet filed a Reply concerning its Cross-Motion for Partial Summary Judgment,[1] the Court finds that the issues in this case as developed by the parties make both the Plaintiff's Motion for Partial Summary Judgment and the Defendant's Cross-Motion for Partial Summary Judgment moot.

**FACTUAL BACKGROUND**

From 1996 until 2011, the Plaintiff served as manager for the Defendant, a not-for-profit corporation operating a housing association in South Bend, Indiana. On July 1, 2011, due to what the Plaintiff characterizes as "unrest and the personal attacks against" him (Pl.'s Mem. in Supp. of Mot. for Partial Summ. J. 5, ECF No. 19), the Executive Board of the Defendant entered into a Severance Agreement with the Plaintiff (*see* Good Aff. Ex. B, ECF No. 20-2 at 22). The Plaintiff also alleges that the Defendant provided him with pension benefits in 2006. After a housing association election, a new executive board took office for the Defendant in September 2011. On November 18, 2011, the new executive board terminated the Plaintiff's employment with the Defendant. (*See id.* Ex. D, ECF No. 20-2 at 25.) The notice of termination gave no reason for the Plaintiff's termination. The Plaintiff alleges that he did not receive a single negative performance review in fifteen years of employment.

---

[1]Because the issues involved in the Motion to Strike and Motion to Dismiss were intertwined with the issues regarding the two partial summary judgment motions, Magistrate Judge Christopher A. Nuechterlein ordered that the Defendant's Reply in support of its Cross-Motion for Partial Summary Judgment would not be due until twenty days after this Court's ruling on the Motion to Strike and Motion to Dismiss. (Order, ECF No. 48.)

The Defendant argues that the Pension Agreement relied upon by the Plaintiff was drafted by the Plaintiff and never approved by the Defendant's Board of Directors. The Defendant also argues that the Executive Board revoked the Severance Agreement on November 17, 2011, one day before the Plaintiff's termination.

## PROCEDURAL BACKGROUND

The Plaintiff filed his Complaint on January 17, 2012. In it, he raised three claims for violation of ERISA, and three state law claims. Specifically, the Plaintiff stated in the Complaint:

> Good is bringing this action against Walnut Grove under the Federal ERISA laws for failure to pay him the agreed upon pension benefit and the severance benefits including the health care benefit, and for terminating him because he had utilized the health care benefits available to him under the Walnut Grove health insurance plan. Good is also bringing state law claims against Walnut Grove for failure to pay him his final paycheck in a timely manner, failure to pay vacation pay to which he is entitled, and defamation *per se* for falsely accusing Good of engaging in the crime of theft against Walnut Grove and also accusing him of misconduct in his trade or profession. With respect to the wage claim and vacation pay claim, Good is seeking, in addition to the amount owed, liquidated damages of double the amount owed plus his costs and legal fees.

(Compl. 3, ECF No. 1.) In the pension benefit claim (Count I), the severance benefit claim (Count II), and the health care benefit retaliation claim (Count III), the Plaintiff specifically referenced ERISA as the basis for recovery. (*Id.* 5–7.) By contrast, the Plaintiff described the wage payment claim (Count IV), the vacation pay claim (Count V), and the defamation claim (Count VI) as "state law claim[s]." (*Id.* 7–8.)

In his Motion for Partial Summary Judgment, the Plaintiff requested summary judgment on Count I with respect to the alleged pension agreement and Count II with respect to the alleged

severance agreement. In the context of his Motion, the Plaintiff noted that since an ERISA-qualifying plan is "an essential precursor to federal jurisdiction," *UIU Severance Pay Trust Fund v. Local Union No. 18-U*, 998 F.2d 509, 510 n.2 (7th Cir. 1993), "this Court cannot consider the merits of Good's claims unless Walnut Grove's pension contribution agreement and severance agreement are 'plans' under ERISA" (Pl.'s Mem. in Supp. of Mot. for Partial Summ. J. 10). The Plaintiff argued that both the pension agreement and the severance agreement qualified as "plans" under ERISA.

In its Cross-Motion for Partial Summary Judgment, the Defendant argued that summary judgment is appropriate against the Plaintiff on Counts I and II because neither the pension agreement nor the severance agreement are ERISA-qualifying plans. To qualify as a plan under ERISA, an employer must be obligated to provide an ongoing administrative scheme, *see Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12 (1987), and to decide whether or not a plan does in fact obligate the employer to create such an ongoing administrative scheme, a court must evaluate "'whether the employer's undertaking or obligation requires managerial discretion in its administration.'" *Cvelbar v. CBI Ill. Inc.*, 106 F.3d 1368, 1377 (7th Cir. 1997), *abrogated on other grounds by Int'l Union of Operating Eng'rs v. Rabine*, 161 F.3d 427 (quoting *Schonholz v. Long Island Jewish Med. Ctr.*, 87 F.3d 72, 76 (2d Cir. 1996)). Additionally, an ERISA-qualifying plan must have "reasonably ascertainable" terms. *Cvelbar*, 106 F.3d at 1378–79. The Defendant argued that even if the pension agreement and the severance agreement existed as enforceable documents (which the Defendant contested), the pension agreement is not an ERISA-qualifying plan because it requires no managerial discretion in its administration, and the severance agreement is not an ERISA-qualifying plan because it requires no ongoing

4

administrative oversight at all.

In his Opposition and Reply, the Plaintiff conceded that neither the pension agreement nor the severance agreement are ERISA-qualifying plans. Nevertheless, the Plaintiff continued to request summary judgment as to Count II and the denial of the Defendant's motion for summary judgment as to Count I because the Plaintiff claimed that recovery was still appropriate under state contract law theories. However, in the conclusion of his Opposition and Reply, the Plaintiff added the following paragraph:

> Good concedes that the Severance and Pension Agreements do not constitute ERISA plans. However Good contends he is nevertheless entitled to pursue them as state law contract claims. Good's only federal claim is Count III which asserts a claim for violation of Section 510 of ERISA, i.e. Good contends he was discharged because he had utilized his rights under the Walnut Grove ERISA health insurance plan. All of the other 5 counts are state law claims as to which Good is entitled to a trial by jury. Because the only federal claim is one tried to the Court and not a jury and because the federal courts have exclusive jurisdiction over Section 510 claims[,] Good proposes that this Court permit him to withdraw all of his claims except for the Section 510 claim and re-file the claims in state court while Count III continues to pend with this Court.

(Pl.'s Opp'n and Reply 20, ECF No. 42.) In response to the Plaintiff's ERISA concessions and to this paragraph, the Defendant filed its Motion to Strike and Motion to Dismiss Counts I, II, IV, V, and VI of Plaintiff's Complaint.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn

from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see also Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012) (stating that a court need not accept as true "legal conclusions or conclusionary allegations that merely recite a claim's elements"). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Iqbal*, 556 U.S. at 680; *see also Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631

F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). Finally, determining whether a complaint states a plausible claim for relief requires a reviewing court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Both parties to this cause have filed internally-inconsistent requests with the Court. In his Opposition and Reply, the Plaintiff requested summary judgment in his favor on Count II and the denial of summary judgment in the Defendant's favor on Count I, but also requested the dismissal of these same counts, in addition to Counts IV, V, and VI, without prejudice so that he could proceed with those claims in state court. In its Motion to Strike and Dismiss, the Defendant requested the Court to dismiss Counts I, II, IV, V, and VI "to allow [the Plaintiff] to file his state law claims in Indiana state court." (Def.'s Mem. in Supp. of Mot. to Strike and Mot. to Dismiss 1, ECF No. 45.) But in the same filing, the Defendant requested that Counts I and II be dismissed with prejudice. Both parties appear to agree that Counts I, II, IV, V, and VI should be dismissed. The only question is whether Counts I and II should be dismissed with prejudice, meaning the Plaintiff would be unable to amend those claims, or without prejudice, meaning the Plaintiff would have the opportunity to amend Counts I and II. *See Furnace v. Bd. of Trs. of S. Ill. Univ.*, 218 F.3d 666, 669–70 (7th Cir. 2000) (discussing the difference between a dismissal with prejudice and a dismissal without prejudice).

A court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). *See Bogie v. Rosenberg*, — F.3d —, 2013 WL 174113, at *2 (7th Cir. Jan. 17,

7

2013) ("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible."); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss"). However, a court should not grant leave to amend where "any amendment would be futile." *Bogie*, 2013 WL 174113, at *2. *See also Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

### A. The Defendant's Motion to Dismiss and the Plaintiff's Request for Dismissal

In its Motion to Strike and Motion to Dismiss, the Defendant requests dismissal of Counts I and II of the Complaint because they do not state claims upon which relief can be granted. The Defendant argues that because both Count I and II explicitly request relief based on ERISA, and because the Plaintiff has conceded that neither the pension agreement nor the severance agreement are plans under ERISA, these two claims must be dismissed with prejudice. The Defendant cites no caselaw in support of its argument that dismissal of these claims should be with prejudice instead of without prejudice. The Defendant also argues, consistent with the Plaintiff's request, that Counts IV, V, and VI should be dismissed without prejudice so that the Plaintiff may pursue them in state court.

The Plaintiff responds that although he failed to assert in his Complaint or in his Motion

for Partial Summary Judgment that Counts I and II raise claims under state law, Counts I and II still state claims upon which relief can be granted under state contract law theories, and the Plaintiff does "not have any obligation to plead legal theories" to defeat a motion to dismiss. *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427 (7th Cir. 2005); *Pa. Lumbermens Mut. Ins. Co. v. Cripe Mobile Home Transp., LLC*, No. 3:09-CV-291 PPS, 2009 WL 3756554, at *2 (N.D. Ind. Nov. 6, 2009). The Defendant responds that whether or not the Plaintiff had an obligation to plead legal theories, the Plaintiff did in fact plead a legal theory with regard to Counts I and II—the Plaintiff pled recovery in both of those Counts under ERISA. Now that the Plaintiff has pled ERISA in the Complaint and in the Motion for Partial Summary Judgment it would be inappropriate, the Defendant argues, for the Court to allow the Plaintiff to save Counts I and II with legal theories in contradiction to the theories originally set forth, particularly where those new theories were raised for the first time in the Plaintiff's Reply brief. *See Aliwoli v. Gilmore*, 127 F.3d 632, 635 (7th Cir. 1997) (arguments not raised in the initial brief are waived); *United States v. Scott*, 784 F.2d 787, 789 n.1 (7th Cir. 1986) (stating that "new issues cannot be raised in a reply brief"). The Defendant also argues that the Plaintiff's change in legal theories caused it prejudice because the Defendant was not on reasonable notice during discovery that the Plaintiff would be seeking recovery under state contract law theories.

As an initial matter, all parties seem to agree with the Plaintiff's request that Counts IV, V, and VI be dismissed without prejudice so that the Plaintiff may pursue them in state court. Accordingly, finding that dismissal of these claims is proper, the Court will exercise its authority under Rule 41(a)(2) and will dismiss Counts IV, V, and VI of the Complaint without prejudice.

As to Counts I and II, the Court finds that dismissal of these Counts is appropriate, and

9

agrees with the Defendant that, regardless of whether the Plaintiff was required to plead legal theories, the Plaintiff did plead a legal theory with respect to Counts I and II of the Complaint. The Plaintiff specifically pled that both Counts I and II were ERISA claims. He did this by stating that the pension and severance claims were ERISA claims in the Introduction to his Complaint (Compl. 3), by stating within the confines of Count I itself that he was bringing the claim under ERISA (*id.* 6), and by stating in both Counts I and II that the pension plan and the severance plan were plans as defined in ERISA (*id.* 5–6). The Plaintiff did not mention state law theories of recovery for Counts I and II until his Opposition and Reply, and "new issues cannot be raised in a reply brief." *Scott*, 784 F.2d at 789 n.1. Furthermore, although the Plaintiff now appears to oppose dismissal of Counts I and II (or at least to oppose dismissal of Counts I and II with prejudice), the Plaintiff previously noted that as Count III—the only remaining ERISA claim—would be tried to the Court and not the jury, it would make sense in the interest of judicial economy for all the state law claims to be tried together in state court before a jury. Consistent with the Plaintiff's suggestion, the Court finds that dismissal of Counts I, II, IV, V, and VI is appropriate. With respect to Counts I and II specifically, the Plaintiff pled them as ERISA claims because he pled that the pension agreement and severance agreement were ERISA plans. In light of his later concession, the Court finds that the Plaintiff pled factual content that was inconsistent with recovery, *see Atkins*, 631 F.3d at 832, and that his ERISA concessions make his Count I and II claims implausible instead of conceivable, *see Iqbal*, 556 U.S. at 680.

What the Plaintiff appears to now desire is the opportunity to amend his claims in Counts I and II to plead state contract law theories. As noted above, a Court should freely grant leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, "[d]istrict courts

routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint." *Foster*, 545 F.3d at 584. *See Barry Aviation*, 377 F.3d at 687 (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss"). However, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). The Defendant, in arguing that dismissal of Counts I and II should be with prejudice, cites no caselaw and does not explicitly address the factors which affect a court's decision as to whether to grant leave to amend after dismissal. The Defendant does implicitly argue that it would be prejudiced by leave to amend because it would then need to conduct discovery as to the Plaintiff's state law theories in Counts I and II. The Court does not find that this would constitute undue prejudice, however. Further, the Court finds that the Plaintiff has not exhibited undue delay, bad faith, dilatory motive, or repeated failure to cure. Nor does the Court find that amendment of these claims would be futile. Accordingly, the Court will dismiss Counts I and II without prejudice, and allow the Plaintiff fourteen days in which to amend those claims if he still wishes to pursue them in this Court. Alternatively, the Plaintiff may now pursue Counts I, II, IV, V, and VI in state court.

**B.     The Motions for Partial Summary Judgment**

Because both the Plaintiff's Motion for Partial Summary Judgment and the Defendant's Cross-Motion for Partial Summary Judgment relate solely to Counts I and II of the Complaint,

11

and because the Court has dismissed without prejudice Counts I and II of the Complaint, the Court will deny both motions for partial summary judgment as moot.

### C. The Defendant's Motion to Strike

In its Motion to Strike and to Dismiss, the Defendant requests that the Court strike the Plaintiff's Opposition and Reply as immaterial under Rule 12(f) because it concerns state law theories that the Plaintiff did not plead in his Complaint or his Motion for Partial Summary Judgment, and because a reply brief is not an appropriate place in which to raise new arguments. Specifically, the Defendant states that "striking Good's response/reply brief (with the exception of the portion that admits ERISA is not applicable) is appropriate as it is immaterial to the issues placed before the Court by Plaintiff." (Def.'s Reply in Supp. of Mot. to Strike and Mot. to Dismiss 2, ECF No. 49.) Because the Court is dismissing Counts I and II, which are the subject of the Motion for Partial Summary Judgment and Cross-Motion for Partial Summary Judgment, the Court will deny as moot the Defendant's Motion to Strike Plaintiff's reply concerning those moot motions.

### D. The Plaintiff's Request for Sanctions

Finally, in his oppositions to the Defendant's Motion to Strike and Motion to Dismiss, the Plaintiff requests that the Court award him "legal fees associated with having to respond to Walnut Grove's frivolous motions." (Opp'n to Def.'s Mot. to Strike and Mot. to Dismiss 8, ECF No. 47.) The Defendant argues that it filed the Motion to Strike and Motion to Dismiss for a proper, non-frivolous purpose, so any sanction under Rule 11 would be inappropriate. Further,

12

the Defendant notes that the Plaintiff has not properly filed a motion for sanctions as required by Rule 11(c)(2). The Court agrees that the Plaintiff has not shown why sanctions are appropriate under Rule 11, and that the Plaintiff has failed to comply with Rule 11(c)(2). The Court will therefore deny the Plaintiff's request for sanctions.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART the Defendant's Motion to Strike and Motion to Dismiss Counts I, II, IV, V, and VI of Plaintiff's Complaint [ECF No. 44]. Specifically, the Court GRANTS the Defendant's request to dismiss Counts I, II, IV, V, and VI. However, the Court DENIES AS MOOT the Defendant's request to strike the Plaintiff's Opposition and Reply brief, and DENIES the Defendant's request to dismiss Counts I and II with prejudice. Counts IV, V, and VI are DISMISSED WITHOUT PREJUDICE. Counts I and II are DISMISSED WITHOUT PREJUDICE, with leave to re-file in this cause if appropriate within fourteen days of the date of this Opinion and Order. Furthermore, the Court DENIES AS MOOT the Plaintiff's Motion for Partial Summary Judgment [ECF No. 18] and the Defendant's Cross-Motion for Partial Summary Judgment [ECF No. 28]. Finally, the Court DENIES the Plaintiff's requests for sanctions against the Defendant. **Count III remains pending.**

SO ORDERED on February 5, 2013.

    s/ Theresa L. Springmann
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION